Atlantic City Electric Company v. Commissioner.
Atlantic City Electric Co. v. Commissioner
Docket No. 63324.
United States Tax Court
T.C. Memo 1958-25; 1958 Tax Ct. Memo LEXIS 205; 17 T.C.M. (CCH) 107; T.C.M. (RIA) 58025; February 20, 1958
J. Marvin Haynes, Esq., N. Barr Miller, Esq., and Oscar L. Tyree, Esq., Investment Building, Washington, D.C., for the petitioner. Paul E. Waring, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined deficiencies in income tax of $1,267,577.17 for 1952 and $110,083.27 for 1953. The Commissioner, in determining the deficiencies, gave the following explanations: "1. It is determined that the Gross Receipts and Franchise Taxes imposed by the State of New Jersey accrue in the 'privilege' year, which is the same year in which payment is due. Therefore, your deductions of these taxes for the year 1953 on your return for the year 1952 and your deductions of these taxes for the year 1954 on your return for *206 the year 1953 were erroneous. "2. Your contention that the determination under No. 1 above gives you the right to deduct in 1952 the entire amounts of said taxes which you paid in 1952, regardless of the fact that you have previously deducted part or all of these amounts on your return for the year 1951, is denied, since by taking said deductions on your return for the year 1951 you have already recovered the expense of said taxes for the year 1952 and adjustments to your tax return for the year 1951 are now barred by the statute of limitations under section 275(a) of the Internal Revenue Code of 1939." The petitioner contends that its returns were correct but, if not, then it should be allowed what was denied it under 2. above. All facts in the record were submitted by the parties in a stipulation of facts which is adopted as the findings of fact. The petitioner-corporation was organized under the laws of New Jersey in 1924. Its returns for the taxable years were filed with the district director of internal revenue at Camden, New Jersey. The petitioner is a public utility engaged in the generation and sale of electric energy in Atlantic City and other areas in New Jersey. *207 Its books and records were and are kept in accordance with the uniform system of accounts prescribed by the New Jersey Board of Public Utility Commissioners, which is substantially the same as that prescribed by the Federal Power Commission. The petitioner's books of account are kept on an accrual method of accounting, and its Federal tax returns are filed on that basis for calendar years. The State of New Jersey for more than 30 years has imposed franchise and gross receipts taxes on utility companies operating in the state. The taxes are for the privilege of exercising its franchises and using public places in what will be called the "privilege year". Those taxes are based upon gross sales for the preceding calendar year. The returns for the taxes are filed and payment is due in the privilege year. The petitioner, at the end of each month, estimates the franchise taxes and gross receipt taxes which will be payable in the next year on the gross receipts for that month and makes accruals on its books. Any overaccruals or underaccruals are adjusted later and payment of the total net accruals is made in the privilege year. The Commissioner made regular examinations and audits *208 of the books of the petitioner and its tax returns for the years prior to 1952 and 1953 but never made any adjustment with respect to the petitioner's method of accounting for the franchise and gross receipts taxes until he examined and audited the returns for 1952 and 1953 and made the adjustments set forth above. The principles set forth in issue 4 and 5 decided in Budd International Corporation, 45 B.T.A. 737, revd. on the other issues 143 Fed. (2d) 784, cert. denied 323 U.S. 802, (facts pp. 744-45; opinion pp. 752-3-4), are controlling here, and upon authority of that case, this one is decided for the petitioner. Cf. Atlantic Coast Line Railroad Co., 4 T.C. 140, 150; Whitney Manufacturing Co., 14 T.C. 1217, approving consistent methods of deducting recurring taxes, in both of which the Commissioner acquiesced. Decision will be entered under Rule 50.